RECEIVED
MAY 1 6 2024
CLERK, U.S DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

Rudy Castaneda
Plaintiff, Pro Se

No.

Complaint:

SA24CA0509 XR

Planet Fitness, Inc.

and

TITLE III of the ADA CRA of 1990,
42 U.S.C.12102, et. Seq., 42 U.S.C. 1985 (3),
a Violation of Due Process Laws
under and An Equal
Protection of the Laws and Statutes
of the 14th Amendment under Section 5

John Hensley, Area Director
Uriel (last name unk.), Unit Manager
John Doe (name unk), Clerk

Defendant (s)
_____

(Jury Demand)

Rudy Castaneda
317 Rayburn Dr.
San Antonio, TX. 78221
480-294-2259
rudycgpro@yahoo.com

1

# Jurisdiction

This Court has Original Jurisdiction over this case pursuant to 28 U.S.C.A. 1331, Title III, Civil Rights Act of 1992, 42 U.S.C. 1985 (3), and Constitutional Law under the 14th and Amendment of Procedural Due Process Clause. The Texas Constitution, Article 1, Sec.19 and Sec. 66 (a-e), and Texas Civil Practice and Remedies Code.

# Venue

Venue is proper in this Western District Court pursuant to 28 U.S.C. 1391 (b) (1-3). All acts complained of herein occurred in San Antonio, Texas. Plaintiff resides in San Antonio, TX. Defendants reside and operate a business in San Antonio, TX. One Defendant may reside in Houston, TX.

# Parties

Plaintiff, Rudy Castaneda, San Antonio
Defendant, John Hensley, Area Director, Houston
Defendant, Uriel (last name unk.), Unit Manager, San Antonio
Defendant, John Doe (name unk), Clerk, San Antonio
Defendant, Planet Fitness, Inc., New Hampshire

# Factual and Historical Background

Plaintiff was a member of the Planet Fitness Organization since 2014 when he first joined in Anaheim, Orange County, CA. Plaintiff later transferred to a facility in East Mesa, AZ. in 2017. Plaintiff then transferred to San Antonio, TX. in 2021. Plaintiff has been a member of Planet Fitness even after being diagnosed with Diabetic Peripheral Neuropathy (**Exhibit #A, medical records**) and never had any serious problems with his Health. In all, none of the personnel in any of these gyms, was Plaintiff asked if he suffered from medical problems. Plaintiff had noticed a high turnover in managers and personnel throughout these clubs, but he never let that bother him. Plaintiff also noticed in these clubs in Arizona and Texas, lacking in adequate upkeep many times. Not just cleaning but addressing mechanical problems.

Plaintiff's issues (**Exhibit #B, Notice of Right to Sue & Inquiry**) occurred on July 2, 2023, when he was deprived of usage of the facility which he enjoyed over 7 years and deprived him of his Constitutional Rights under the 14 Amendment (due process clause) of the United States and Texas Constitutional Law under Article 1, Sec.19 and Article III, Sec. 66 (c), and Texas Civil Practice and Remedies Code.

## CLAIM #1

Plaintiff alleges and incorporates by reference the paragraphs below:

3

Plaintiff has claims under Federal Law Pursuant to Title III of the Civil Rights Act of 1990, Title VII of the Civil Rights Act of 1964 Sec. 2000e-2 [703] (1) (2), 42 U.S. Code 12101, et. Seq.,42 U.S.C. 12181 (7)(F), 42 U.S.C. 12182 (a). The Texas Constitution, Article 1, Sec.19 and Article III, Sec. 66 (c), and Texas Civil Practice and Remedies Code.

ADA - Title III, 42 U.S. Code 12101-Findings and purpose

(a) Findings
    The Congress finds that—
(3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services.

The Texas Constitution, Article 1, Sec.19.
The Texan Congress has held: Deprivation of Life, Liberty, Property, Etc. By Due Course Of Law.
No citizen of this State shall be deprived of life, liberty, property, privileges, or immunities, or in any manner disfranchised, except by the due course of the law of the land.

(b) Purpose
    It is the purpose of this chapter—
(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities.

42 U.S. Code 12117-Enforcement
   (a) Powers, Remedies, and Procedures

The powers, remedies, and procedures set forth in sections 2000-4, 2000-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers,

remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination based on disability in violation of any provision of this chapter. There exist powers under 42 U.S.C. 2000e (I).

Public Accommodations cover businesses and nonprofit service providers that are public accommodations, and privately operated entities offering certain types of courses and examination, privately operated transportation, and commercial facilities. Public accommodations are private entities who own, lease, leases to or operate facilities such as restaurants, retail stores, hotels, movie theaters, private schools, convention centers, doctor's offices, homeless shelters, transportation depot, zoos, funeral homes, day care centers, and recreation facilities including sports stadiums, and fitness clubs. Planet Fitness is a fitness club.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."

The clerk, who was on duty July 2, 2023, asked Plaintiff if he was there to work out, and Plaintiff said to yes him. The Clerk then told him that he couldn't work out because Plaintiff didn't have shoes that were appropriate. Plaintiff wore sandals along with a clean pair of white socks, (**Exhibit #C, Affidavit by wife at Dr's.**). The Clerk told Plaintiff it didn't matter; he couldn't work out. Plaintiff asked him why the manager and other employees didn't mind Plaintiff working out. The Clerk didn't say nothing, but after arguing, Plaintiff motioned his water bottle toward the Clerk and made an empty threat with his bottle but was not going to hit him.  Plaintiff made the motion as an intimidation, just as TV uses in its commercials. This incident was televised to make a point for Progressive Insurance. Plaintiff was not going to hit this guy.

This Planet Fitness has terms and conditions which need to be read before signing. One of those issues is the "Dress Code, #5" (**Exhibit D, Copy of Contract, #5**) and (**Exhibit #E, Advertisement**) which state, is "Clothing that may be perceived as intimidating, revealing or offensive, as well as clothing that may present a safety hazard or damage equipment, is not allowed." This term does not state anything about termination and/or involuntary discharge of a member who has been a member since 2014. Plaintiff has been discriminated against by the clerk, manager, and Area Director pursuant to **SCHOOL BD. OF NASSAU CTY. v ARLINE, 470 U.S. 273, 287 (1987)**, "Section 504 of the Rehabilitation Act of 1973, **29 U.S.C. 794** (Act), which provides, *inter alia*, that no "otherwise qualified handicapped individual," as defined in **29 U.S.C. 706 (7)**, shall, solely by reason of his handicap, be excluded of participation in any program receiving federal financial assistance. See also, 42 U.S.C. 12182 (a) which is a section of the American with Disabilities Act (ADA) that prohibits discrimination against individuals with disabilities in places of public accommodation (**Planet Fitness**) and 42 U.S.C. 12181 (7)(F) is a section of the United States Code that defines a type of public accommodation under the Americans with Disabilities Act. ADA protects the rights of people with disabilities to have access to facilities and public transportation. Access to services and facilities must be equally available to everyone. See **EQUAL EMLOYMENT OPPORTUNITY COMMISSION v METHODIST HEALTH SYSTEM, (5th Cir. No. 17-10539)**. The 5th Cir. holds "The EEOC asserts that Methodist's categorical policy of hiring the most qualified candidate violates the ADA when a qualified disabled employee requests reassignment to a vacant role, even if he or she is not the most qualified applicant…..The EEOC appeals, arguing that the Supreme

6

Court's ruling in *U.S. Airways Inc. v. Barnett* requires Methodist to make exceptions to its most-qualified-applicant and Cook was entitled to a reasonable accommodation under the ADA." See also **US AIRWAYS, INC. v BARNETT, 535 U.S. 391 (2002)** where the Supreme Court *held*: An employer's showing that a requested accommodation conflicts with seniority rules is ordinarily sufficient to show, as a matter of law, that an "accommodation" is not reasonable." However, the employee remains free to present evidence of special circumstances that make a seniority rule exception reasonable in the particular case.

### CLAIM #2

Plaintiff alleges and incorporates by reference to the paragraphs below:

Plaintiff has a claim under Federal Law Pursuant to 42 U.S.C. 1985 (3), Due Process Clause of the 14 Amendment of the U.S. Constitution, The Texas Constitution, Article 1, Sec.19 and Article III, Sec. 66 (c), and Texas Civil Practice and Remedies Code.

The following couple of days, July 6, 2022, Plaintiff received a couple of calls from the Area Director. He left Plaintiff messages. The Area Director and Plaintiff talked about various matters surrounding Planet Fitness. Plaintiff asked this person why his manager and other personnel never told him anything about his shoes. The Area Director talked about terminating Plaintiff's membership to Planet Fitness. Plaintiff asked the Director about going back to his previous Planet Fitness. The Area Director told Plaintiff that he would prohibit Plaintiff attending all Planet Fitness centers. He stated that he would put out all information about everything Plaintiff did and shouldn't be allowed to attend any Planet Fitness. Plaintiff talked to him about what was

discussed with the manager. Plaintiff told the Area Director that he was ordered by the doctor to use Sandals. The Area Director stated he oversaw the San Antonio area all the way down to Laredo. Plaintiff told him that it was alright, he would go to another Planet Fitness. The Area Director stated that he would put out the word with every Planet Fitness about what took place. Plaintiff told him that in no way he was going to hit that clerk with his water bottle. Plaintiff shouldn't have had his membership terminated after his manager told him that he could no longer attend Planet Fitness. See ***EEOC v LHC GROUP, INC. 773 F 3d 688, 693 (5th Cir. 2014)*** the 5th Cir. has held "The EEOC filed an enforcement action under Title I of the ADA, 42 U.S.C. 12101-12213, in September 2011. The EEOC alleged that LHC failed to accommodate Sones and discriminated against her based on her disability." **EQUAL EMPLOYMENT OPPORTUNITY,** whenever possible, the company makes reasonable accommodations for qualified individuals with disabilities to the extent required by law.

Americans with Disabilities Act (ADA) is a Civil Rights law that prohibits discrimination against individuals with disabilities. It was signed into law on July 26, 1990, by President George H.W. Bush. The ADA also falls under the purview of labor law, specifically disability law. The ADA is divided in three titles:

- Employment,
- State and local government, and
- Public accommodations and commercial facilities.

The ADA sets out rules that prohibits discrimination in all areas of public life. The aim of the ADA is to make sure that people with

disabilities have the same rights and opportunities as everyone else. See **BRAGDON V ABBOTT 524 U.S. 624, (1998)**, the Supreme Court held "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who…operates a place of public accommodation." Sec. 12182 (a). The term "public accommodation" is defined to include the "professional office of a health care provider." Sec.12181 (7)(F).

### The Protection and Advocacy Agency for People with Disabilities in Texas

Many people with disabilities find their biggest challenges have little to do with the actual mental or physical disabilities they live with every day. Too often, they face the obstacles of discrimination, ignorance, and negative stereotypes about what people with disabilities can—or cannot—do. Disability Rights, Texas exists to help people break through these barriers to achieve their personal aspects in their community.

### 42 U.S.C. 1985 (3)—A Private Action to Vindicate Fourteenth Amendment Rights: A Paradox Resolved

The "Ku Klux Klan Act," enacted as part of the Civil Rights Act of 1871 and now codified as 42 U.S.C. 1985 (3) (1976), continues to present analytic challenges to lawyers and judges more than 100 years after its passage. The Act permits an aggrieved citizen to sue private individuals who have conspired to deprive the citizen of constitutional rights pursuant to 42 U.S.C. 1985 (3). Sec. 1985 (3) does not require state action but reaches private conspiracies, such as the one alleged in the complaint here, that are aimed at invidiously discriminatory deprivation of the equal enjoyment of rights secured to all by law, as is clearly manifested by the wording and legislative history of the statute and companion statutory provisions, and the constitutional impediments that influenced the Court's construction of the statute in Collins, supra, as is clear from more recent decisions, simply do not exist, *Griffin Infra.*

The Due Process Clause of the Fourteenth Amendment echoes that of the Fifth Amendment. Among them is the Fourteenth Amendment, which **prohibits the States from depriving "any person of life, liberty, or property, without Due Process of Law."** Sec. 1 of the Fourteenth Amendment should be interpreted broadly to authorize Congress to advance the protections of due process, equal protection, and the privileges and immunities of citizenship. ***GRIFFIN v BRECKENRIDGE, 403 U.S. 88, at IV 103-104 (1971)***, held "If two or more persons...conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving... any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws [and] in any case of conspiracy set forth in this section, if one or more persons engaged therein do... any act in furtherance of the object of such conspiracy, whereby another is injured... or deprived... any right or privilege of a citizen of the United States, the party so injured or deprived."

The Planet Fitness and Area Director of the Area Planet Fitness got together after July 3rd and discussed the issue of disallowing Plaintiff into this accommodation and terminated Plaintiff from using these services. The Area Director made the final decision to not allow Plaintiff into all Planet Fitness'. ***CAMARILLO v CARROLS, 518 F 3d 153, 156 (2d Cir. 2008)*** held; To state a claim under Title III, Camarillo must allege (1) that she is disable within the meaning of the ADA; (2) that defendants, lease, or operate a place of public accommodations; and (3) that defendants discriminated, against her by denying her a full and equal opportunity to enjoy the services defendants provide. ***See 42 U.S.C 12182 (a); MOLSKI v M.J. CABLE, INC. 481 F 3d 724, 730, (9th Cir. 2007); POWELL v NAT. BD. of MED. EXAM'RS 364 F 3d 79, 85 (2d Cir. 2004), Stan v WAL-MART STORES, INC. 111 F. SUPP. 2d 119, 124 (N. D. N. Y. 2000)***. Plaintiff filed a complaint with exactly the same elements as *Camarillo, Supra.*

## CLAIM #3

Plaintiff alleges and incorporates by reference to the paragraphs below:

Plaintiff has a claim under Article III, Sec. 66 (c) Texas Constitution, Article 1, Sec.19). Plaintiff was at first denied his legal rights when Plaintiff was denied the use of the Gym despite having all rights (Medically) to enjoy the establishment after paying a membership fee to enjoy all rights. Plaintiff was denied after a denial of due process because the policy does not state anything about a member being denied to the services prior to due process. The Texas Constitution, Article 1, Sec.19 and Article III, Sec. 66 (c), and

The Texas Constitution, Article III, Sec. 66 (c), (Liability for Noneconomic Damages).

Notwithstanding any other provision of this constitution, after January 1, 2005, the Legislature by statute may determine the limit of liability for all damages and losses, however characterized, other than economic damages, in a claim or cause of action not covered by subsection (b) of this section.

Texas Civil Practice and Remedies Code;

Title 2. Trial, Judgment, and Appeal
Subtitle C. Judgments
Chapter 41. Damages

Sec. 41.001. Definitions. In this Chapter:

(B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

(12) "Noneconomic damages" means damages awarded for the purpose of compensating a claimant for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, disfigurement, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation and all other nonpecuniary losses of any kind other than exemplary damages.

The Clerk's racial interaction with Plaintiff was the Defendant Planet Fitness would allow an Anglo in a wheelchair using the gym with one arm but was never scrutinized about the use of the gym. There was also an Anglo woman who was driven to the Planet Fitness in a VIA van for the use on the stationary bicycle each day but was never told to not use the equipment. Plaintiff has a claim under Federal Law Pursuant to 42 U.S.C. 1985 (3), Due Process Clause of the 14 Amendment of the U.S. Constitution, and The Texas Constitution, Article 1, Sec.19 and Article III, Sec. 66 (c), Plaintiff is entitled to damages for being injured to his person.

May 15, 2024

Rudy Castañeda, Pro Se