IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUDY CASTANEDA,<br>*Plaintiff*<br><br>-vs-<br><br>PLANET FITNESS, INC., AREA DIRECTOR JOHN HENSLEY, UNIT MANAGER URIEL LNU, CLERK JOHN DOE,<br>*Defendants* | §§§§§§§§§§ | SA-24-CV-00509-XR |

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Chestney's Report and Recommendation ("Recommendation") in the above-styled case, filed July 23, 2024 (ECF No. 7), recommending that Plaintiff's complaint here be **DISMISSED** for failure to state a claim under Section 1915(e). After careful consideration, the Court **ADOPTS** the Magistrate Judge's Recommendation.

### BACKGROUND

Plaintiff Rudy Castenada, proceeding *pro se* and *in forma pauperis*, filed this suit against Planet Fitness, Inc., and its Houston, Texas-based Area Director, as well as local San Antonio clerks and managers for terminating his athletic club membership under several civil rights statutes and constitutional provisions, including Title III of the American with Disabilities Act (the "ADA"), Title VII of the Civil Rights Act, 42 U.S.C. § 1985(3), and his rights under both the United States Constitution and Texas Constitution. Plaintiff seeks damages and unspecified injunctive relief.

1

Plaintiff's complaint alleges that he is disabled because of his diagnosis of diabetic peripheral neuropathy, which requires him to wear sandals with socks when using exercise equipment. *See* ECF No. 4, at 5. Plaintiff claims that he suffered discrimination because a Planet Fitness clerk refused to permit him to exercise when Plaintiff visited his local Planet Fitness wearing socks and sandals instead of athletic shoes. *Id.*

The safety-based "Club Policies" that Plaintiff signed when he joined Planet Fitness, however, state that "sneakers must be worn at all times" and that "failure to comply" with the policies "may result in the cancellation" of membership and "prohibit[ion] from use of the facility." ECF No. 4-1 at 28–29 (Club Policies signed by Plaintiff on Feb. 14, 2022). Plaintiff also admits that, in an argument with the Clerk about his sandals, he "motioned his water bottle toward the Clerk and made an empty threat with his bottle . . . as an intimidation" but did not intend to hit the Clerk. ECF No. 4 at 5. Plaintiff further alleges that several days later, on July 6, 2022, Plaintiff was told by the Houston, Texas Area Director that he could no longer work out at Planet Fitness and that his membership was being terminated. *Id.* at 7–8. Plaintiff states that he was terminated despite telling the Area Director that he was "ordered by [his] doctor to use sandals." *Id.* at 7–8. Plaintiff seeks monetary damages and "injunctive relief so that others do not come across equal distress." ECF No. 5 at 5–6.

The Magistrate Judge granted Plaintiff's motion to proceed IFP but directed Plaintiff to file a More Definite Statement regarding the claims and withheld service of Plaintiff's Complaint pending review of his response. ECF No. 3. After Plaintiff responded to the Magistrate Judge's Order, the Magistrate Judge reviewed Plaintiff's pleadings under 28 U.S.C. § 1915(e) and issued the Recommendation, which recommended that all of Plaintiff's claims be dismissed under Section 1915(e). ECF No. 6.

The Magistrate Judge recommended dismissing Plaintiff's Title VII claims because he did not allege that Planet Fitness was his employer or that he was discriminated against as an employee. *Id.* at 3. The Magistrate Judge reasoned that Plaintiff's claims under the United States and Texas Constitutions failed because neither Planet Fitness nor its employees are state actors subject to liability for constitutional violations. *Id.* Moreover, although private actors may be liable for certain race-based constitutional violations under 42 U.S.C. § 1985, neither Plaintiff's Complaint nor his More Definite Statement included any allegations suggesting that he was the victim of a race-based conspiracy. *Id.* at 3–4. Finally, the Magistrate Judge recommended dismissing Plaintiff's ADA claim because (1) his allegations suggest that his membership was terminated for physically threatening a Planet Fitness clerk, not because of his disability, (2) damages are unavailable under the ADA, and (3) Plaintiff's request for injunctive relief was too generalized to support his ADA claim. *Id.* at 5.

On August 6, 2024, Plaintiff timely filed his objections. ECF No. 10. This matter is now ripe for consideration.

## DISCUSSION

I. **Legal Standard**

   A. **Rule 1915(e) Standard**

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam). Courts generally apply the Rule 12(b)(6) standard under that provision of the IFP statute. Such a dismissal therefore "turns on the sufficiency of the 'factual allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil

3

Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012).

All factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

4

"*Pro se* complaints receive a liberal construction. Even so, mere conclusory allegations on a critical issue are insufficient[.]" *Brown v. Tarrant Cnty.*, 985 F.3d 489, 494 (5th Cir. 2021) (quotations and citations omitted).

### B. Standard of Review of Magistrate Judge's Recommendations

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). But objections that are entirely conclusory, made without any reasoning or any supporting authority, need not be considered by the court. *See Nettles*, 677 F.2d at 410 n.8; *McCall v. United States*, No. MO:07-CR-00096-RAJ, 2013 WL 12406618, at *20–21 (W.D. Tex. Mar. 20, 2013).

## II. Analysis

At the outset, Plaintiff's objections correctly observe that courts must hold *pro se* parties to a less stringent standard than licensed attorneys. ECF No. 10 at 2–3; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A lenient standard, however, does not permit *pro se* plaintiffs to pursue claims that lack an arguable basis in law or in

fact. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Even applying this lenient standard, Plaintiff's allegations fail to state a viable claim for relief.

Plaintiff contends that his claims under the United States Constitution and the Texas Constitution were not frivolous as they have been going on for years. ECF No. 10, at 3. As the Recommendation correctly notes, Plaintiff cannot sustain a constitutional challenge to the actions here (regardless of timing) because both the United States and Texas Constitutions generally apply only to state actors, not private actors like Planet Fitness and its employees. Indeed, this principle is a bedrock principle of constitutional law. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 808 (2019) (the "state-action doctrine distinguishes the government from individuals and private entities"); *Ramie v. City of Hedwig Village*, 765 F.2d 490, 492 (5th Cir. 1985) ("The Constitution protects individuals against invasion of their privacy *by the government*") (emphasis added); *Republican Part of Tex. v. Dietz*, 940 S.W.2d 86, 91 (Tex. 1997) (same for claims under the Texas Constitution). The duration of Planet Fitness's challenged conduct does not convert Planet Fitness or its employees into state actors. Because Plaintiff's objections do not cure this legal defect, his constitutional claims are without merit.

Plaintiff contends that the Recommendation improperly dismissed his claim under 42 U.S.C. § 1985, or a conspiracy to deprive Plaintiff of his civil rights. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). In the Fifth Circuit, the plaintiff must also show that the conspiracy was motivated by a race-based animus. *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th

6

Cir. 2000). As the Recommendation correctly noted, Plaintiff's allegations (including those in his More Definite Statement, *see* ECF No. 5 at 6) fail to include any specific allegations about the nature of any conspiracy, much less a race-based one. ECF No. 6 at 4. Plaintiff's objections fail to cure this defect. Plaintiff merely repeats the factual allegations in his Complaint, *see* ECF No. 10 at 7, and argues that he already "showed" this claim but that the Court "wants more." ECF No. 10 at 8. Indeed, Plaintiff's account of his interactions with Planet Fitness makes no mention of any race-based comments whatsoever.

Third, Plaintiff argues that the Recommendation improperly found that he failed to state a claim under Title III of the ADA. While this claim comes closest to surviving dismissal under Section 1915(e), the Court finds that it too fails. Title III of the ADA prescribes that: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To assert a viable claim under Title III of the ADA, a plaintiff must plead three elements: (1) he has a disability; (2) the place that the defendant owns, leases, or operates is a place of public accommodation; and (3) he was denied full and equal enjoyment because of his disability. *Id.*

While Plaintiff has a documented disability, *see* ECF No. 1-3 at 2–10, Plaintiff sues individual defendants without factual assertions of their "level of control over a public accommodation" to establish individual liability under Title III of the ADA. *See Pertee v. Risher*, No. 3:23-CV-1390-E-BN, 2023 WL 9065082, at *3 (N.D. Tex. Dec. 12, 2023), *adopting report and recommendation*, 2024 WL 41559 (N.D. Tex. Jan. 3, 2024). Moreover, the Court cannot reasonably infer from Plaintiff's factual allegations that he was denied "full and equal enjoyment"

7

of Planet Fitness's facilities "because of" his disability to "draw the reasonable inference that the elements exist." *Innova Hosp.*, 995 F. Supp. 2d at 603; 42 U.S.C. § 12182(a). Indeed, Plaintiff acknowledges that some Planet Fitness employees "didn't mind him working out," presumably in his socks and sandals. ECF No. 5 at 3; *see also* ECF No. 4 at 12 (noting that "a wheelchair [user]" was permitted to use "the gym with one arm but was never scrutinized about the use of the gym"). Rather, Plaintiff's own allegations suggest that his membership was terminated because he physically threatened—or was perceived to have threatened—a Planet Fitness clerk. See, e.g., ECF No. 4 at 7–8 ("The Area Director told Plaintiff that he would prohibit Plaintiff attending all Planet Fitness Centers. . . . Plaintiff told him that in no way he was going to hit that clerk with his water bottle.").

Even if Plaintiff had alleged all the requisite facts to state such a claim, the monetary relief he seeks is unavailable under the ADA. *See Risher*, 2023 WL 9065082, at *2 ("Title III does not allow for the sole relief that [Plaintiff] seeks in this suit – money damages) (quoting 42 U.S.C. § 12188(a)(1)). Furthermore, the Court cannot discern the nature of the injunctive relief Plaintiff seeks from his vague reference to "injunctive relief so that others do not come across equal distress." ECF No. 5 at 6. He appears to be seeking relief on behalf of some unidentified class of individuals but fails to specify what action(s) should be enjoined to prevent future harm to "others" or explain the basis for his standing to represent them in this case. Plaintiff's objections do not cure these defects but instead merely recite the standard for relief under Title III of the ADA, *see* ECF No. 10, at 6.

Plaintiff's remaining objections are frivolous and thus do not warrant *de novo* review. *See Scott v. United States Postal Serv., Lab. Rels.*, No. SA-22-CV-01000-XR, 2023 WL 2569442, at *2 (W.D. Tex. Mar. 17, 2023).

## CONCLUSION

For the foregoing reasons, the Court For the forgoing reasons, the Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 10). Accordingly, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim under Section 1915(e). A final judgment under Rule 58 will issue separately.

It is so **ORDERED**.

**SIGNED** this 12th day of September, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE