IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUDY CASTANEDA,<br>    *Plaintiff* | §<br>§<br>§ |
| -vs- | §    SA-24-CV-00509-XR<br>§ |
| PLANET FITNESS, INC., AREA<br>DIRECTOR JOHN HENSLEY, UNIT<br>MANAGER URIEL LNU, CLERK<br>JOHN DOE,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§ |

On this date, the Court considered Plaintiff's motion for reconsideration of this Court's order denying attorney's fees (ECF No. 13). After careful consideration, Plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff Rudy Castenada, proceeding *pro se* and *in forma pauperis*, sued Planet Fitness, Inc. and its Houston, Texas-based Area Director, as well as local San Antonio clerks and managers for terminating his athletic club membership under Title III of the American with Disabilities Act (the "ADA"), Title VII of the Civil Rights Act, 42 U.S.C. § 1985(3), and his rights under both the United States Constitution and Texas Constitution.

The Magistrate Judge granted Plaintiff's motion to proceed IFP but directed Plaintiff to file a More Definite Statement regarding the claims and withheld service of Plaintiff's Complaint pending review of his response. ECF No. 3. After Plaintiff responded to the Magistrate Judge's Order, the Magistrate Judge reviewed Plaintiff's pleadings under 28 U.S.C. § 1915(e) and issued the Report and Recommendation, which recommended that all of Plaintiff's claims be dismissed under Section 1915(e). ECF No. 6. Plaintiff then filed objections. ECF No. 10.

The Court accepted and adopted the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's claims with prejudice for failure to state a claim. ECF No. 11. The Court held that Plaintiff's constitutional claims failed because Plaintiff sued private actors, and his Section 1985 claims failed because there were no specific allegations about any conspiracy, much less a race-based one. *Id.* at 6–7. The Court held that Plaintiff's ADA claims failed for several reasons: (i) he sued individual defendants without factual assertions of their "level of control over a public accommodation" to establish individual liability," (ii) there was no reasonable inference that Plaintiff was denied "full and equal enjoyment" of Planet Fitness's facilities "because of" his disability, and (iii) the monetary relief he sought was unavailable under the ADA. *Id.* at 7–8.

Plaintiff now asks the Court to reconsider its order dismissing his claims under Rule 59(e), based on "many errors in its ruling." FED. R. CIV. P. 59(e); ECF No. 13 at 7. Because Plaintiff merely recites his previous arguments which are refuted by the record, his request fails.

## DISCUSSION

**I.    Legal Standard**

Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). Granting Rule 59(e) relief to reopen a final judgment is an "extraordinary

remedy" that should be "used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Such a motion calls into question the correctness of the district court's judgment, which "will not be disturbed in the absence of a showing that it has worked an injustice." *Id.* at 478.

## II.    Analysis

Plaintiff's motion for reconsideration rehashes his previous arguments without raising any new evidence or corrections of law or fact.

First, Plaintiff again raises his constitutional claims. ECF No. 13 at 2–3. As the Court held, these claims fail because Plaintiff is suing private actors. ECF No. 11 at 6.

Second, Plaintiff again raises his Section 1985 claims but does not point to additional evidence in support. ECF No. 13 at 3–5. Plaintiff fails to state a claim under Section 1985 because there are still no specific allegations showing a conspiracy or race-based animus. Plaintiff points to his same allegation that "Anglo men and Anglo women who were disabled [were] allowed to use the facility," *id.* at 6, but this does not describe a conspiracy "for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3).

Third, as to his ADA claim, Plaintiff continues to dispute the reason for his termination from Planet Fitness. ECF No. 13 at 5. Plaintiff states that while the Court held that "his allegations suggest that his membership was terminated for physically threaten[ing] a planet fitness clerk," "[t]his is not true." *Id.* This argument is unavailing considering Plaintiff's own allegation that he threatened the clerk, which the Court held suggested his membership was terminated on this basis. ECF No. 11 at 8. Nor has Plaintiff clarified the nature of injunctive relief he seeks.

Plaintiff raises two remaining arguments, neither of which has merit. First, Plaintiff claims the Court erred by noting Plaintiff signed "Club Policies" which stated that "failure to comply"

with the policies "may result in the cancellation" of membership and "prohibit[ion] from use of the facility." ECF No. 13 at 1–2. While Plaintiff claims this is not true, *id.*, the Club Policy contains this language and is signed by Plaintiff. *See* ECF No. 4-1 at 28. Second, Plaintiff appears to claim that economic damages are available under the ADA and cites to Article III, § 66 of the Texas Constitution in support. ECF No. 13 at 5. This provision relates to the Texas legislature's ability to limit noneconomic damages for healthcare providers. *See Rivera v. United* States, No. SA-5-CV-0101-WRF, 2007 WL 1113034, at *5 (W.D. Tex. Mar. 7, 2007). It has nothing to do with damages available under the ADA.

Plaintiff finally recites the pleading standard and asks the Court to "peruse the Complaint" to see Plaintiff's version of the story. ECF No. 13 at 3, 7. The Court has already done that and dismissed Plaintiff's claims. Plaintiff's motion does not demonstrate that the Court made a manifest error of law or fact that would warrant disturbing the judgment here.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's order dismissing his claims with prejudice (ECF No. 13) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 26th day of November, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE