# United States Court of Appeals for the Fifth Circuit

No. 24-51017
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 3, 2025
Lyle W. Cayce
Clerk

RUDY CASTANEDA,

*Plaintiff—Appellant,*

versus

PLANET FITNESS, INCORPORATED; JOHN HENSLEY, *Area Director*; URIEL LNU, *Unit Manager*; JOHN DOE, *Clerk*,

*Defendants—Appellees,*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-509

---

Before DAVIS, STEWART, and SOUTHWICK, *Circuit Judges.*

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying

No. 24-51017

a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

**Certified as a true copy and issued
as the mandate on Jun 25, 2025**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-51017
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2025

Lyle W. Cayce
Clerk

RUDY CASTANEDA,

*Plaintiff—Appellant,*

*versus*

PLANET FITNESS, INCORPORATED; JOHN HENSLEY, *Area Director*; URIEL LNU, *Unit Manager*; JOHN DOE, CLERK,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-509

---

Before DAVIS, STEWART, and SOUTHWICK, *Circuit Judges.*

PER CURIAM:[*]

    Plaintiff-Appellant Rudy Castaneda, proceeding pro se and in forma pauperis, sued Planet Fitness, Inc. and several of its employees for refusing him access to their gym(s) and for terminating his membership. His suit arises under several civil-rights statutes and seeks damages and unspecified injunctive relief. The district court referred the case to a magistrate judge,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-51017

who recommended the case be dismissed under 28 U.S.C. § 1915(e). The district judge accepted the recommendation and dismissed the case. After careful review of the record, we agree with the district court and AFFIRM its judgment.

Castaneda alleges he was denied access to Planet Fitness after he tried to workout in socks and sandals, rather than athletic shoes, to accommodate his diabetic peripheral neuropathy. He concedes he argued with the Planet Fitness clerk who advised him of the athletic-shoe policy, and that he threatened the clerk with a water bottle. In Castaneda's words, he "motioned his water bottle towards the Clerk and made an empty threat with his bottle ... as an intimidation." We address his claims seriatim.

First, Title VII of the Civil Rights Act of 1964 addresses employment discrimination. Castaneda has not alleged an employment relationship with Planet Fitness or its employees, so he fails to state a viable Title VII claim.

Second, the due-process provisions of the Texas and U.S. Constitutions generally govern state actors, not private ones like Planet Fitness and its employees.[1] Castaneda hasn't alleged any state action or facts suggesting an exception to this general rule.

Third, claims under 42 U.S.C. § 1985(3) require proof of a race-based conspiracy.[2] Castaneda offers no allegation about race, aside from mentioning two disabled "Anglo" gym members. We note the magistrate judge gave Castaneda an opportunity to make a more definite statement on

---

[1] *See Manhattan Access Corp. v. Halleck*, 587 U.S. 802, 808–810 (2019) (discussing state-action doctrine); *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 90 (Tex. 1997) (holding Texas's Constitution regulates state conduct).

[2] *Bryan v. City Madison*, 213 F.3d 267, 276 (5th Cir. 2000).

No. 24-51017

this claim, but he merely reiterated his prior allegations in response. He has not delineated an actionable race-based conspiracy under § 1985(3).

Finally, Castaneda's claim under the ADA's Title III fails for two reasons. For one, Castaneda's allegations suggest his membership was terminated because he physically threatened, or was perceived to have threatened, a Planet Fitness clerk, negating any connection between his disability and the revocation of his gym membership. Second, Castaneda initially sought only monetary relief, which is unavailable under Title III of the ADA.[3] When he was permitted to make a more definite statement, Castaneda responded he wanted injunctive relief "so that others do not come across equal distress." He doesn't explain what action should be enjoined to prevent future harm to others; nor does he explain how or why he is entitled to represent other, unidentified nonparties in this case.

We agree with Castaneda that courts should hold pro se parties to a less stringent standard than that of counseled parties. Applying the proper standard, we agree that his allegations fail to state a viable claim for relief and the district court properly dismissed this case under 28 U.S.C. § 1915(e). For these reasons, and those stated by the district court in its careful order of September 12, 2024 adopting the U.S. magistrate's report, we AFFIRM.

---

[3] *See* 42 U.S.C. § 12188(a)(1) (limiting remedies to injunctive relief by reference to 42 U.S.C. § 2000a–3).